1  Justin Rider
2  C/O ECSO
3  P.O. Box 520
4  Goldfield, NV. 89013
5  The undersigned hereby affirms this document
6  does not contain a social security number,
7  pursuant to NRS 239B.030



8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11  JUSTIN RIDER,

12        Plaintiff,                          Case No. 2:16-cv-02633-RFB-PAL

13  v.                                        WRITTEN STIPULATION AMENDING
                                              COMPLAINT
14  D. TRISTAN, ET AL.,                       (Fed. R. Civ. P. 15(a)(2))

15        Defendant.

16        The parties to this action consent, agree, and stipulate that the first amended complaint

17  in this action, originally filed on March 15, 2017, is amended in the following particulars:

18        On page 6, the second paragraph, which begins under the "supporting facts" and

19  continues on to page 6a, is cut from page 6 and moved to page 7, under the following added

20  heading: COUNT IV First Amendment, Retaliation.

21                              Respectfully submitted,

22  Dated: Aug 4, 2017

23
24                                                    _____
25                                                              Justin Rider,
                                                                  Plaintiff.
26  Dated: Aug 14, 2017

27
28                                                    _____
29                                                              Jared M. Frost
                                                         Attorney for Defendants.

    IT IS SO ORDERED:


    _____
    RICHARD F. BOULWARE, II
    United States District Judge
    DATED this 28th day of August, 2018.

Justin Rider
_____
Name
C/O ECSO P.O. Box 520
_____

Goldfield, NV. 89013
_____

12769
_____
Prison Number

FILED _____ RECEIVED _____
ENTERED _____ SERVED ON _____
COUNSEL/PARTIES OF RECORD

**AUG 2 2 2017**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JUSTIN RIDER
_____ ,
                    Plaintiff,

vs.

(SEE ADDITIONAL PAGE FOR DEFENDANTS) ,
_____ ,
_____ ,
_____ ,
_____ ,
_____ ,
               Defendant(s).

**2:16-CV-02633-RFB-PAL**

)
)
)
)
)
)
)
)
)

**SECOND AMENDED**
**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO**
**42 U.S.C. § 1983**

**JURY TRIAL REQUESTED**

### A.  JURISDICTION

1) This complaint alleges that the civil rights of Plaintiff, Justin Rider _____ ,
                          (Print Plaintiff's name)
who presently resides at Esmeralda County Jail, Goldfield, Nevada _____ , were

violated by the actions of the below named individuals which were directed against

Plaintiff at High Desert State Prison, Indian Springs, Nevada _ on the following dates
             (institution/city where violation occurred)
April, 2015 to Jan., 2017    April, 2015 to Jan., 2017  ,   April, 2015 to Jan., 2017,
     (Count I)               (Count II)            (Count III)
and Jan. 13, 2017 to present _ .
     (Count IV)

1

1    D. Tristan

2    Dwight Neven

3    Mr. Graham

4    S. Barrett

5    Justin Gordon

6    D. Fiero

7    B. Stroud

8    Mr. Belmore

9    Ms. Nash

10          Defendants.

**Make a copy of this page to provide the below**
**Information if you are naming more than five (5) defendants**

2) Defendant <u>D. Tristan</u>_____ resides at <u>Unknown</u>_____,
              (full name of the first defendant)        (address of first defendant)
and is employed as <u>Deputy Director, NDOC</u>_____. This defendant is sued in his/her
                 (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: <u>He is the final appellate authority over inmate institutional</u>
<u>grievances and concerns.</u>

3) Defendant <u>Dwight Nevin</u>_____ resides at <u>Unknown</u>_____,
              (full name of the second defendant)     (address of second defendant)
and is employed as <u>Associate Warden, NDOC, HDSP</u>. This defendant is sued in his/her
                 (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: <u>He is responsible for the oversight of law library staff and is</u>
<u>appellate authority over grievances.</u>

4) Defendant <u>Mr. Graham</u>_____ resides at <u>Unknown</u>_____,
              (full name of the third defendant)      (address of third defendant)
and is employed as <u>Law Library Supervisor</u>_____. This defendant is sued in his/her
                 (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: <u>He is responsible for the day to day operations of the law library.</u>
_____

5) Defendant <u>S. Barrett</u>_____ resides at <u>Unknown</u>_____,
              (full name of the fourth defendant)      (address of fourth defendant)
and is employed as <u>Caseworker, HDSP, NDOC</u>_____. This defendant is sued in his/her
                 (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: <u>She is responsible for handling initial grievances and concerns and</u>
<u>management of the plaintiff's case.</u>

**Make a copy of this page to provide the below**
**Information if you are naming more than five (5) defendants**

7) Defendant D. Fiero_____ resides at Unknown_____,
      (full name of the first defendant)     (address of first defendant)
and is employed as Caseworker, HDSP_____. This defendant is sued in his/her
      (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: He is responsible for handling initial grievances and concerns and
  management of the plaintiff's institutional case.

8) Defendant B. Stroud_____ resides at Unknown_____,
      (full name of the second defendant)    (address of second defendant)
and is employed as Associate Warden, HDSP_____. This defendant is sued in his/her
      (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: This person is appellate atuhority over grievances._____

9) Defendant Mr. Belmore_____ resides at Unknown_____,
      (full name of the third defendant)    (address of third defendant)
and is employed as Associate Warden, HDSP_____. This defendant is sued in his/her
      (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: This person is appellate authority over grievances._____

10) Defendant Ms. Nash_____ resides at Unknown_____,
      (full name of the fourth defendant)   (address of fourth defendant)
and is employed as Associate Warden, HDSP_____. This defendant is sued in his/her
      (defendant's position and title, if any)
☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
acting

under color of law: She is appellate authority over grievances._____

6) Defendant __Justin Gordon_____ resides at __Unknown_____,
   (full name of the sixth defendant)          (address of sixth defendant)
   and is employed as __Unit's Senior, HDSP, NDOC_____. This defendant is sued in his/her
   _____(defendant's position and title, if any)
   ☑ individual ☑ official capacity. (Check one or both). Explain how this defendant was
   acting

   under color of law: __He is responsible for the day to day operations of the swing shift__
   __in the unit plaintiff was housed._____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you
   wish to assert jurisdiction under different or additional statutes, list them below.

   _____

   _____

   ----------------------------------------------------------

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

Plaintiff is a pretrial detainee who is representing himself in criminal proceeding and has no

other convictions which restrained him at hdsp. The complaints herein are for various

violations of plaintiff's rights including access to the courts, due process, and First Amendment

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   ----------------------------------------------------------

## C. CAUSE OF ACTION

## COUNT I

The following civil rights has been violated: <u>Right to access the courts</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

*(BACKGROUND: In 1988 a gang of thugs, whom were then unknown to the plaintiff, viciously*

*assaulted the plaintiff. The plaintiff reported the assault to law enforcement. In 2014, a*

*member of that gang took malevolent action against the plaintiff.. The plaintiff did not know*

*the thug nor did he understand why the thug took malevolent action against him. So, in*

*October 2014, the plaintiff contacted the thug on facebook and asked what his problem was*

*Subsequently the plaintiff was arrested and charged with the crime of stalking, although the*

*plaintiff made no threats and had contacted the thug on only one occurrence. the plaintiff*

*was forced to send his child to his mother in Texas, over his objections that she is mentally ill.*

*Court appointed counsel told plaintiff to take a plea bargain for stalking or go to prison for 15*

*years. The plaintiff took the plea bargain and was released shortly thereafter. Plaintiff then*

*contacted his mother to arrange for his child to return home. Two days before his child was to*

*fly home plaintiff's mother's husband contacted the plaintiff and asked to keep plaintiff's child.*

*Plaintiff refused and an argument ensued. Plaintiff called the police in Texas and made a*

*complaint of kidnapping. the kidnappers made counter-accusations that the plaintiff had just*

*been released from prison for stalking a child on the Internet, that Nevada CPS had a case*

*open against the plaintiff and that they were told not to send plaintiff's child home. Nevada*

*CPS called Texas authorities and "cleared up the confusion". Then the kidnappers alleged that*

*plaintiff had sexually abused his child. Texas CPS opened a case and a civil suit ensued. Plaintiff*

*went to Texas to fight for his parental rights. At a bench trial in Texas, plaintiff demanded a*

*jury trial. Immediately after the bench rial and before jury trial the plaintiff was arrested on a*

*warrant from Nevada an was shortly thereafter transported back to Nevada to face charges*

*of abuse. Upon arrival to Nevada, Esmeralda County Sheriff's office, (ECSO), (continued)*

4

1    (continued from First Amended Complaint Count I)

2    *housed the plaintiff at HDSP under NRS 209.311 "safe-keeper" law. HDSP staff placed the*

3    *plaintiff into the "fish tank" . . . which is a unit for freshly convicted prisoners awaiting*

4    *classification. There is no access to phones or law library while in the fish tank, or if there is*

5    *access no instructions are provided to inmates for access. Unknown to the plaintiff, Esmeralda*

6    *Justice court appointed Chris Arabia as counsel. Unknown to the plaintiff and without his*

7    *consent Mr. Arabia stipulated with the state to a continuance of plaintiff's preliminary hearing.*

8    *Unknown to the plaintiff, Mr. Arabia withdrew from his appointment stating a conflict of*

9    *interest. Unknown to the plaintiff, the court then appointed David Neely to represent the*

10   *plaintiff. Then, without the plaintiff's knowledge or permission, Mr. Neely did then stipulate with*

11   *the state for a 90-day continuance of the preliminary hearing so that he could await his*

12   *preferred investigator to come back from vacation.)*

13   The plaintiff arrived at HDSP in April, 2015. He was immediately housed in the "fish tank" where

14   new inmates are held temporarily pending classification. Phones and law library access is not

15   available in the fish tank, or if they are available no instructions are provided to the inmates for

16   such access. Beginning in May, 2015 the plaintiff began requesting to be classified to protective

17   custody unit so that he may access the law library. He initially made request to his then

18   caseworker Mr. Fiero who responded saying that he would expedite plaintiff's classification.

19   Soon after and without formal hearing or notification, plaintiff was housed in administrative

20   segregation because NDOC does not have a policy in which to classify a pre-trial detainee who

21   has no conviction or sentence and so the defendants automatically segregate all safe-keepers.

22   Plaintiff then filed grievances to Ms. Nash, Perry Russel, B. Stroud. The plaintiff filed several

1    grievances complaining about inadequate access to the courts because the plaintiff is

2    representing himself in criminal proceedings and is facing the possibility of life without the

3    possibility of parole, is not allowed direct access to the law library (he must use an exact cite

4    law library system where the detainee makes a written request for legal materials and then a

5    law clerk will bring the requested legal materials (check-outs) and is limited to 10 checkouts at

6    any one time, where "items" is not defined but has been used to mean a single statute, and

7    restricts the time allotted for the checkout to 10 days, effectively limiting law library access to

8    known citations and only about an hour per week, and the prison has a rule to allow inmate law

9    clerks to assist inmates with the filing and preparation of legal documents but has informally

10   stopped allowing inmate law clerks to assist ad-seg inmates but has not made any replacement

11   for them, all non-segregation inmates have a higher caliber of access to the law library, and

12   HDSP's Inmate Handbook says that all protective custody inmates receive the same program

13   opportunities as general population inmates but plaintiff did not), is not provided indigent

14   supplies such as paper (a glitch in the computer system takes the plaintiff off the indigent list

15   each time he goes to court), refuses to make legal copies due to a copy limit imposed upon

16   convicted inmates, the prison does not provide adequate access to legal calls (ad-seg detainees

17   are not allowed direct access to phones. Instead, they must submit a written request for use of

18   a phone at least 24-hours in advance. There are only two wireless phones to accommodate 84

19   to 100 inmates. The operating procedure is that the detainee submits a written request for the

20   phone 24 hours in advance and state the purpose of the call (legal or personal) and the time at

21   which the call is needed to be placed and then a correction's officer is to prioritize legal calls

22   over personal calls and give the phone at the requested time. In practice this hardly ever works.

1    For example, since October 26, 2016 to December 15, 2016 the plaintiff has submitted 54

2    requests for legal calls. Of those 54 requests, only 15 of those requests resulted in receipt of the

3    phone. Of those 15 times that the plaintiff received the phone, only about 5 times was it

4    received at the time it was requested for, and of those 15 times that the plaintiff received the

5    phone only about 7 times was a call actually able to be placed because the called party was

6    unavailable due directly to the fact that the plaintiff is unable to predict when he will actually

7    receive the phone. Once the phone is received the ad-seg detainee only has 15-30 minutes in

8    which to complete the call. These restrictions are so unreasonable as to make use of the phone

9    meaningless.) and the prison does not allow adequate legal visitation (ad-seg detainees are only

10    allowed to have one contact legal visit per week and that visit must take place on a specific day.

11    At the time of this writing, visits are only allowed from 8:00 am to 3:00 pm on Wednesdays.

12    Visitation on other days is restricted to visits through safety glass in an environment that does

13    not have any privacy for the legal conversation, which makes legal visits impossible except on

14    Wednesdays). When considered as a whole, these restrictions on law library access, legal calls,

15    legal supplies, legal visits, and legal copies is unreasonable, unconstitutional, and makes all

16    court appointed counsel and investigators meaningless. Defendants D. Fiero, B. Stroud, Mr.

17    Graham, Mr. Belmore, Ms. Nash, Ms. Barrett, Mr. Gordon, Mr. Tristan, D. Neven, all denied

18    these numerous and detailed grievances which were submitted between April, 2015 to January,

19    2017. This complete disregard to plaintiff's rights have resulted in great harm to the plaintiff.

20    The plaintiff was unable to discover that the stalking conviction was not constitutional until 13

21    months after the conviction which created procedural bars (as untimely) that the plaintiff has

22    thus far been unable to get over. Additionally, Nevada Revised Statutes allow for a new trial for

1    the reason of new evidence within 2 years of conviction and the plaintiff has new evidence

2    which proves his innocence that should be considered by the court (for the stalking conviction),

3    but the plaintiff has been unable to effective pursue this potential relief because he was unable

4    to discover how to pursue such relief and did file the wrong vehicle and is now procedurally

5    barred and under threat of being labeled a vexatious litigant by the Fifth District Judicial Court

6    of Nevada should he try again. Also, plaintiff's child is kidnapped by Texas authorities and due

7    to the restrictions and denials by the defendant's, plaintiff was not able to find out how to fight

8    for his parental rights. Texas is now adopting plaintiff's daughter out to the kidnappers even

9    though the plaintiff has not been given any fair chance to answer allegations or given any

10    notice of any proceedings whatsoever even though they know where the plaintiff is at.

11    Additionally, plaintiff is fully aware that it is critical to his defense and to the mental health of

12    his child to get a fair and speedy trial as soon as is possible but despite his numerous attempts

13    and motions for speedy trial he has been unable to effectively get a speedy trial which is a

14    direct result of defendants' denial of plaintiff's right to access the courts. Also, plaintiff's court

15    appointed counsel did stipulate to waive plaintiff's right to speedy preliminary hearing and

16    speedy trial without the knowledge or consent of the plaintiff, and despite plaintiff's numerous

17    complaints in that regard has been unable to effectively pursue relief. The plaintiff did file a

18    petition for writ of habeas corpus in the wrong court (Nevada Supreme Court) and is now

19    procedurally barred from filing another petition for writ of habeas corpus even though he is still

20    illegally confined. This has allowed the kidnappers to continuously brainwash plaintiff's child for

21    over 2 years. Additionally, plaintiff was unable to receive a bond hearing for almost a year, and

22    once he was able to get a bond hearing, his bond was reduced to $50,000, which plaintiff may

1  had been able to post if he had been able to effectively motion and receive a bond hearing the

2  year before. The kidnappers have family who are close friends with the magistrate who allowed

3  the stipulations for continuance without notice to the plaintiff. The plaintiff was thrown into

4  the darkest dungeon in Nevada and not given any access to outside help. All the constitutional

5  safeguards that are supposed to exist to defend an actually innocent American have been

6  rendered meaningless by defendants' denial of plaintiff's rights.

7  Defendant Mr. Gordon is the swing shift supervisor of the housing unit at which the plaintiff is

8  housed and is responsible for the day to day operation of the housing unit and issuance of

9  phones. Mr. Gordon has arbitrarily refused to fill plaintiff's requests for the phone and mocked

10  HDSP's grievance process when the plaintiff informed him that he would file complaint. Mr.

11  Gordon is directly responsible for violating plaintiff's right to legal calls.

12  Defendant S. Barrett is the plaintiff's case worker and is the first person responsible for

13  resolving detainee's grievances. Ms. Barrett has shown a complete indifference to plaintiff's

14  grievances including all complaints herein, and failed to resolve them.

15  Defendant Mr. Graham is the law library supervisor at HDSP and is directly responsible for the

16  day to day operation of the law library, including legal copies and indigent supplies, and has

17  shown a complete indifference to plaintiff's complaints, and failed to resolve them.

18  Defendant Dwight Neven is an associate warden at HDSP and is responsible for the oversight of

19  facility operations generally and is the authority governing first level grievances. He has shown

20  deliberate indifference to plaintiff's complaints and failed to resolve the issues.

1    Defendant D. Tristan is the deputy director of NDOC and is responsible for the oversight of

2    Nevada's prisons generally and is the final appellate authority over the grievance system. He

3    has shown deliberate indifference to plaintiff's complaints and has failed to resolve them.

4    Defendant D. Fiero, was plaintiff's case worker and is the first person responsible for resolving

5    detainee's grievances. D. Fiero has shown a complete indifference to plaintiff's grievances

6    including all complaints herein, and failed to resolve them.

7    Defendant B. Stroud is an associate warden at HDSP and is responsible for the oversight of

8    facility operations generally and is the authority governing first level grievances. He has shown

9    deliberate indifference to plaintiff's complaints and failed to resolve the issues.

10   Defendant Mr. Belmore is an associate warden at HDSP and is responsible for the oversight of

11   facility operations generally and is the authority governing first level grievances. He has shown

12   deliberate indifference to plaintiff's complaints and failed to resolve the issues.

13   Defendant Ms. Nash is an associate warden at HDSP and is responsible for the oversight of

14   facility operations generally and is the authority governing first level grievances. He has shown

15   deliberate indifference to plaintiff's complaints and failed to resolve the issues.

The following civil rights has been violated: <u>Due Process</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

The plaintiff arrived at HDSP in April, 2015. He was immediately housed in the "fish tank" where new inmates are held temporarily pending classification. Beginning in May, 2015 the plaintiff began requesting to be classified to protective custody unit so that he may access the law library. He initially made request to his then caseworker Mr. Fiero who responded saying that he would expedite plaintiff's classification. Plaintiff then filed grievances. His initial grievance, filed on June 1st, 2015 was upheld by J. Murphy, who said that he would expedite plaintiff's classification. Soon after, plaintiff was housed in administrative segregation without a hearing or any chance to appeal. Plaintiff filed a detailed grievance citing law. D. Fierro denied it; then D. Nevin denied the following 1st level grievance; then D. Tristan denied the 2nd level grievance. this shows a deliberate indifference to plaintiff's rights. The denial of classification has resulted with the plaintiff being housed in administrative segregation for more than 2 years and has been subjected to the restrictions from legal calls, visits, and law library. the plaintiff re-alleges count I. Perry Russel also denied plaintiff's grievance regarding classification, with Ms. Nash's approval. In addition to the restrictions violating plaintiff's right to access the court, the plaintiff was given no opportunity to access religious activities or adequate access to yard. Two years in segregation is excessively punitive and serves no penological interest. The only justification given is that HDSP has no policy in which to classify pretrial detainees.

The plaintiff re-alleges count III.

HDSP'S Inmate Handbook says that protective custody inmates get same services as general population inmates by the plaintiff did not receive the same caliber of services as other inmates. The plaintiff suffered deteriorating physical and mental condition and hardship.

## COUNT III

The following civil rights has been violated: First Amendment

_____

_____

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

The Plaintiff has made many complaints about HDSP legal mail, including unnecessary delay

and unlawful disclosure of the contents of legal mail to other inmates. For example, Nevada

Supreme court sent me legal mail on May 3rd, 2017 but i did not receive it until May 10th,

2016. ms. Barrett,, Mr. Nevin, and Mr. Tristan all denied my grievances, stating that I was not

at HDSP during certain dates, but none of which were relevant to the specific complaint. AR

722 that governs prison legal mail requires staff to deliver mail within 24 hours. There are

several different occasions where legal mail was delayed including requests for financial cert.

Many of the delays are attributable to the NSF glitch I have described earlier, (i.e. every time I

leave the prison for court and am returned the following day, the computer kicks me off the

indigent list). On another occasion prison staff opened my legal mail and removed photo's of

a minor and declared very loudly "why is there pictures of a child in here" in front of other

inmates. The other inmates immediately assumed that I am guilty of a crime against a child

and then harassed me incessantly. Mr. Nevin and Mr. Tristan failed to take any corrective

action and denied my grievances.

_____

_____

------------------------------------------------------------------------------

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELEIF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? ☑Yes ☐ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below outline).

6

## COUNT IV

The following civil rights has been violated: First Amendment, Retaliation

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff filed an "Emergency Motion For Preliminary Injunction" in this court on December 31, 2016. This court considered it on January 13th, 2017. Following that hearing the defendants notified ECSO that they are now unwilling to house the defendant but also informed ECSO "rest assured that the NDOC will continue to try to assist you in [safe-keeping] in the future should the need arise." ECSO is still unable to house the plaintiff safely, but is housing the plaintiff anyway because there is no adequate alternative now that the defendants refuse to house the plaintiff. The defendants gave no notice or chance to appeal their decision not house him. this refusal to house the plaintiff is blatantly retaliatory and specific to the plaintiff. The plaintiff must now endure atypical and significant hardships as a result of the defendants retaliatory action.

a) Defendants: Dzuranda, Dwight Nevin, Mr. Graham

b) Name of court and docket number: Supreme Court of Nevada 70541

c) Disposition (for example, was the case dismissed, appealed or is it still pending?): Pending - plaintiff has filed motion to dismiss so as to pursue this complaint.

d) Issues raised: Inadequate access to the law library

e) Approximate date it was filed: 6-10-2016

f) Approximate date of disposition: Pending

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ☐ Yes ☑ No. If your answer is "yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: _____

b) Name of court and case number: _____

c) The case was dismissed because it was found to be (check one): ☐ frivolous ☐ malicious or ☐ failed to state a claim upon which relief could be granted.

d) Issues raised: _____

e) Approximate date it was filed: _____

f) Approximated date of disposition: _____

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

g) Defendants: _____

h) Name of court and case number: _____

8

i) The case was dismissed because it was found to be (check one): _____ ☐ frivolous ☐ malicious or ☐ failed to state a claim upon which relief could be granted.

j) Issues raised: _____

_____

k) Approximate date it was filed: _____

Approximated date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

l) Defendants: _____

m) Name of court and case number: _____

n) The case was dismissed because it was found to be (check one): _____ ☐ frivolous ☐ malicious or ☐ failed to state a claim upon which relief could be granted.

o) Issues raised: _____

_____

p) Approximate date it was filed: _____

Approximated date of disposition: _____

3) Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ☑ Yes ☐ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ☐ disciplinary hearing; (2) ☐ state or federal court decision; (3) ☐ state or federal law or regulation; (4) ☐ parole board decision; or (5) ☐ other _____.

If your answer is "yes", provide the following information. Grievance Number _____.

Date and institution where grievance was filed #20063023686 May/2016 others too _____.

Response to grievance: Denied. _____

_____

_____

_____

_____

---------------------------------------------------------------

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following relief:

DECLARATORY RELIEF, declaring that the acts and omissions of the defendants have violated

plaintiff's rights, and stating the defendant's duties with respect to those rights. INJUNCTIVE

RELIEF commanding the defendants to remove the 10 item law library checkout limit, to install

satellite law libraries in seg. units, provide law clerks, allow contact legal visits five days per

week, install more phones for seg units, deliver requested legal calls timely, fix indigent status

glitch, provide formal classification hearing, make classification policy for pretrial detainees.

COMPENSATORY DAMAGES: In an amount as yet to be deduced from the, (cont. below)


I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY YOF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 AND 18 U.S.C. § 1621.


| | |
|---|---|
| (Name of Person who prepared or helped Prepare this complaint if not Plaintiff) | (Signature of Plaintiff) |

August 3rd, 2017
_____
(Date)

--------------------------------------------------------

(Additional space if needed; identify what is being continued)
(continued from E. Request For Relief)

evidence at trial. AND any other relief this court deem proper.

Fed. R. Civ. P. 38

CERTIFICATE OF MAILING

I, Justin Rider, hereby certify that I have caused to be served to the below named true and correct copies of the foregoing "Written Stipulation Amending Complaint", and "Second Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" via the ECSO's Jail mail service and the United States Postal Service.

Jared M. Frost, esq.
Office of the Attorney General
555 East Washington Ave, suite 3900
Las Vegas, NV. 89101

August 21, 2017

Justin Rider

~~defendant~~
Plaintiff pro se

Justin Riddle
90 ECSO
P.O. Box 5-20
Gold Field, NV. 89013

LEGAL MAIL
CONFIDENTIAL

Clerk, US District Court
District of Nevada
333 Las Vegas Blvd. So., Rm 1334
Las Vegas, NV. 89101



UNITED STATES POSTAGE
$ 002.45⁰
02 1P
0000874283
AUG 21 2017
MAILED FROM ZIP CODE 89013