FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 6 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1 Justin Rider
2 C/O ECSO
3 P.O. Box 520
4 Goldfield, NV. 89013

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **JUSTIN RIDER,** | Case No. 2:16-cv-02633-RFB-PAL |
| Plaintiff, | **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT** |
| v. | |
| **D. TRISTAN, ET. AL.,** | |
| Defendants. | (Fed. R. Civ. P. 6(b)(1); LR II 26-4) |
| | (First Request) |

**Relief Sought**

1. Justin Rider, Plaintiff pro se, moves this Court for the first time for a 30-day extension of time to file a brief in response to Defendant's Motion for Summary Judgment filed on July 17, 2018 and currently scheduled for submission on August 8, 2018.

**Grounds for Relief**

*Defendants Were Permitted an Extension of Time to Submit Motion for Summary Judgement*

2. Defendant's filed their Motion to Extend the Dispositive Motion Deadline on June 13, 2018, requesting a 30-day extension.

3. Plaintiff's Opposition to Defendant's Motion to Extend the Dispositive Motion Deadline was placed in the mail on June 20, 2018, and was filed on June 25, 2018.

4. Defendant's Motion to Extend the Dispositive Motion Deadline was GRANTED on July 7, 2018, which extended the Dispositive Motion Deadline an additional 30 days, to July 20, 2018.

5. Plaintiff mailed his Objection to Magistrate Judge's Order Granting Defendant's Motion to Extend the Dispositive Motion Deadline on July 11, 2018 and was filed on July 17, 2018.

1

*There Was Significant Delay in The Service by Mail of The Minute Order to Plaintiff to Respond Within 21 Days*

6. On July 17, 2018, this Court issued its order directing Plaintiff to respond to Defendant's Motion for Summary Judgement within 21 days.

7. Plaintiff did not receive the Minute Order until July 24, 2018.

*Plaintiff Has a Valid Defense to The Motion and Should Be Allowed a Reasonable Amount of Time to Fully Prepare That Response for The Court's Consideration*

8. Plaintiff is busy outlining his response to Defendant's Motion for Summary Judgement, including, but not limited to, (and subject to change upon further research):

    a. Plaintiff contends that there does exist case law published prior to 2017 that puts the Defendant's on reasonable notice that their actions and omissions towards the plaintiff were unconstitutional, such as *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015); *Castro v. County of Los Angeles*, 833 F.3d 1060, (2016); *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979);

        i. Plaintiff needs more time to conduct research to support his claims.

    b. Defendant's cannot rely upon bare invocations of security concerns to excuse their actions. *Pierce v. County of Orange*, 526 F.3d 1190, 1211 (9th Cir. 2008)

    c. Due process is required when imposing a special classification upon prisoners. *Kirby v. Blackledge*, 530 F.2d 583 (4th Cir. 1976); *In re Westfall*, 162 Cal. Rptr. 462 (Cal. Ct. App. 1980); *United States v. Swift & Co.*, 286 U.S. 106 (1932); *Cobb v. Aytch*, 643 F.2d 946 (3d Cir. 1981) (in which the court distinguishes between the transfer rights of sentenced and pretrial prisoners); *Cardopoli v. Norton*, 523 F.2d 990 (2d Cir. 1975); See also *Raia v. Arnold*, 405 F. Supp. 766 (M.D. Pa. 1975); *People ex rel. Williams v. Ward*, 423 N.Y.S.2d 692 (N.Y. App. Div. 1980); *Makris v. United States Bureau of Prisons*, 606 F.2d 575 (5th Cir. 1979)

        i. *Hewitt v. Helms*, 459 US 460, 471-72, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983) *Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991) concerning ad-seg inmates

d.  Defendants are not entitled to qualified immunity. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 2606, 75 L.Ed.2d 632 (1983)

e.  Prison officials must provide inmates access to enough phones as to make phone usage practicable. NDOC HDSP OP 722 "INMATE LEGAL ACCESS" says that legal calls may not be limited in quantity. Federal law requires prison officials to provide inmates with enough phones so as to make phone use practicable. (see *Duran v. Elrod*, 542 F.2d 998 (1976)). Inmates have a right to access the phones and imposition of unreasonable limitations is unconstitutional. *Feeley v. Sampson*, 570 F.2d 364 (1978). Denying legal calls violates the sixth amendment. *Murphy v. Walker*, 51 F.3d 714 (1995) Prison officials cannot arbitrarily refuse legal calls without due process which requires notice of violation, opportunity to be heard by a different official in a meaningful manner BEFORE deprivation of legal call. *Mathews v. Eldridge*, 424 US 319 (1976). Segregated inmates are entitled to legal calls. *Alston v. Debruyn*, 13 F.3d 1036 (1994).

f.  Prison officials who interfere with legal mail violate both the right to access the court and 1st Amend. rights. *Lemon v. Duggar*, 931 F.2d 1465 (1991). First Amend. violations constitute irreparable harm regardless of how short the duration. *Elrod v. Burns*, 427 US 347 (1976)

g.  The exact cite law library system used by the Defendants is already unconstitutional anyway because this kind of system requires satellite law libraries in each unit as is ordered in *Akbar v. Watson*, 775 F. Supp. 735 (1991); *Corgain v. Miller* 708 F.2d 1241 (7th Cir. 1983), *Tillery v. Owen*, 719 F. Supp. 1256, 1282 and *Williams v. Leek*, 584 F.2d 1336. "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 US 817, 828 (1977).

h.  Defendants' contention that the Fifth District Court's admonition that he would not be permitted special time at the law library is misleading/deceptive.

    i.  The court's admonition was read directly from Nevada Court Rules.

ii. The Fifth Judicial District Court did order special law library access for the Plaintiff once it became aware of the Defendant's actual conditions of confinement.

i Defendants' bare contention that Plaintiff's detention in administrative segregation was necessary due to safety considerations is without merit.

9. As the attached Supporting Declaration of Justin Rider shows:

10. Plaintiff has a valid defense to the motion and should be allowed a reasonable amount of time to fully prepare that response for the court's consideration.

## Supporting Papers

11. This motion is based on the provisions of the Local Rule cited above, on the facts set out in the accompanying Declaration of Justin Rider, on the pleadings and papers on file in this action, as well as the attached Notice of Motion, the above memorandum of points and authorities, and whatever evidence and argument is presented at the hearing of this motion.

## CONCLUSION

12. For all of the reasons set forth above, the Plaintiff requests that the deadline for the Plaintiff to respond to Defendants' Motion for Summary Judgement be extended.

Dated: August 3, 2018

Respectfully submitted,

Justin Rider, Plaintiff pro se.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. (NRS 53.045)

EXECUTED this 8th Day of August, 2018.

APPROVED:

By: _____
Justin Rider, Plaintiff pro se.

DATED this 15th day of August, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge

4

## CERTIFICATE OF SERVICE

I, Justin Rider, hereby certify that I served a true and correct copy of the foregoing Motion, through the Esmeralda County Sheriff's Office's mail service and the United States Postal service, postage prepaid and addressed as follows:

Jared M. Frost, esq.
Office of the Attorney General
555 East Washington Avenue, suite 3900
Las Vegas, NV. 89101
Attorney for Defendants in the above captioned case.

August 3, 2018

_____

Justin Rider,

Plaintiff pro se.

Justin Rider
C/O ECSO
P.O. Box 520
Goldfield, NV. 89013

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN RIDER, | Case No. 2:16-cv-02633-RFB-PAL |
| Plaintiff, | **DECLARATION OF JUSTIN RIDER IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT** |
| v. | |
| D. TRISTAN, ET. AL., | |
| Defendants. | |

State of Nevada      )

                            ) ss.

County of Esmeralda  )

## DECLARATION OF JUSTIN RIDER

Justin Rider, deposes and states:

1. My name is Justin Rider. I am over 18 years of age. I reside at Esmeralda County Jail in Goldfield, NV. I am fully competent to make this declaration and I have personal knowledge of the facts stated in this declaration. To my knowledge, all of the facts stated in this declaration are true and correct.

2. I am the Plaintiff in this matter. I make this declaration in Support of my Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgement.

3. I first discovered the need for the extension upon the realization of the complexity of a response to a Motion for Summary Judgement, as well as an unexpected interruption of my available law library time due to maintenance at the jail where I am housed. I immediately began preparing my motion for continuance of trial on July 30, 2018.

4. On July 24, 2018, I received in the mail the Defendant's motion for summary judgment which was filed with the court on July 17, 2018, together with a Memorandum of Points and Authorities and other supporting papers.

1

5. According to this Court's minute order of July 17, 2018, my response to this motion would be due on August 7, 2018 if no extension of time is granted by this court.

6. Because this motion was received late on July 24, 2018, I was unable to give this motion my attention until that time.

7. I am permitted access to the law library three days a week, (Monday, Wednesday, Friday).

8. During the week of July 23, 2018, I have had to prepare several pretrial motions as well as affidavits/declarations in preparation for a pretrial hearing on August 7, 2018 in my criminal trial in the Fifth Judicial District Court and so I was unable to give my response to this motion my full attention.

9. I am currently restricted to 3 days per week of law library access and am Prosecuting/Defending the following actions, each of which requiring my attention presently.

    a.  State v. Rider, Fifth Judicial District Court of Nevada, Case No. CR-16-889, criminal proceedings wherein I am representing myself, trial currently scheduled for September, 2018, hearing on pretrial motions on August 8, 2018.

    b.  Rider v. Esmeralda County Sheriff, US District Court, Case No. 2:17-cv-02822-RFB-VCF, Habeas Corpus Proceedings, awaiting judgement.

    c.  Rider v. Fifth Judicial District Court, Nevada Supreme Court Case No.: 76139, Mandamus proceedings seeking restoration of law library time.

    d.  Rider v. Esmeralda County Commissioners, Fifth Judicial District Court Case. No. CV-18-5084, Complaint about conditions of confinement, Initial Case Conference Report due soon.

    e.  Rider v. Druckman, Fifth Judicial District Court of Nevada Case No. CV-18-5089, complaint of breach of contract/malpractice, service of summons.

10. During the week of July 30, 2018, I was able to begin preparing my outline to my response to this motion; However, on Wednesday of this week the jail performed maintenance upon the jail and subsequently I was unable to attend to this motion on that day.

11. This motion raises several important issues of fact and law in this case, and I should be allowed to prepare a fully researched and carefully drafted response to the motion. The issues of law presented by the motion are novel and require extensive research. For example, the issue

1   of the due process required for administrative segregation of a pretrial detainee appears to be one

2   on which there is little controlling authority. Furthermore, the fact issues concerning the policies,

3   and representations of the Defendants, (i.e. Defendant's contention that the Fifth Judicial District

4   Court admonished the Plaintiff that he would not receive additional law library time), requires

5   extensive research as well as gathering of records, (i.e. transcripts) before the appropriate

6   responsive Declarations may be prepared.

7        12. I have personal knowledge of all of the facts set out in this Declaration and, if called

8   as a witness to testify in this matter, I could and would competently testify to each of the facts set

9   out in this Declaration.

10       13. As established herein, I move the court for this extension of time in good faith and

11   not merely for delay.

12   I declare under penalty of perjury that the foregoing is true and correct. (NRS 53.045)

13   August 3, 2018

14

15                                   Justin Rider, Plaintiff pro se.

1 | Justin Rider
2 | C/O ECSO
3 | P.O. Box 520
4 | Goldfield, NV. 89013

5 | **UNITED STATES DISTRICT COURT**

6 | **DISTRICT OF NEVADA**

7 | **JUSTIN RIDER,**       Case No. 2:16-cv-02633-RFB-PAL

8 | Plaintiff,       **NOTICE OF MOTION**

9 | v.

10 | **D. TRISTAN, ET. AL.,**

11 | Defendants.

12 |      **YOU WILL PLEASE TAKE NOTICE** that the enclosed Plaintiff's Motion for

13 | Extension of Time to File Response to Defendant's Motion for Summary Judgement will come

14 | on for hearing in the above captioned court at the following date and time:

15 | _____

16 | _____

17 | Date: _____

18 | By: _____

I