# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

JUSTIN RIDER,

    Plaintiff,

v.

D. TRISTAN, et al.,

    Defendants.

Case No. 2:16-cv-02633-RFB-PAL

**ORDER**

    Before the Court is Defendants' Rule 60(b) Motion for Relief from Order Dated February 15, 2019 (ECF No. 73) and Plaintiff's Motion for Reconsideration of Order Partially Granting Summary Judgment (ECF No. 74).

    On February 15, 2019, this Court issued an Order granting in part and denying in part Defendants' Motion for Summary Judgment. The Court dismissed Plaintiff's Sixth Amendment claim against all Defendants in their personal capacities and Plaintiff's First Amendment mail violations and retaliations claims against all Defendants in both their personal and official capacities. The Court permitted Plaintiff's Sixth Amendment to proceed against all Defendants in their official capacities and Plaintiff's procedural due process claim to proceed against Defendants Tristan, Neven, Fiero, and Nash in both their personal and official capacities.

    Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve the parties from its summary judgment order on various grounds, including the Court's mistake and any other reason that justifies relief. See Fed. R. Civ. P. 60(b). Motions for reconsideration are disfavored, and a movant may not repeat arguments already presented. LR 59-1(b).

/ / /

In Defendants' Rule 60(b) motion, Defendants argue that the Court should reconsider its denial of summary judgment as to Plaintiff's Sixth Amendment claim against Defendants in their official capacities because Monell liability is only applicable in suits against local government units. The Court clarifies that Plaintiff's Sixth Amendment claim against Defendants in their official capacities is facilitated not by Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978) and its progeny but by Ex parte Young, 209 U.S. 123, 150 (1908) and its progeny. The Court did not and does not hold that Defendants, who are State employees, can be liable to Plaintiff pursuant to Monell. However, the Eleventh Amendment does not bar Plaintiff from suing State employees in their official capacity seeking prospective relief from a constitutional violation stemming from enforcement of a state prison's policy. Edelman v. Jordan, 415 U.S. 651, 664 (1974). The Court therefore clarifies its order but denies relief from judgment. Plaintiff may pursue prospective relief as appropriate.

Defendants next argue that the Court should reconsider its denial of summary judgment as to Plaintiff's procedural due process claim. The Court finds no error in its determination that Plaintiff's right to a meaningful review of his lengthy placement in administrative segregation is clearly established by Brown v. Oregon Dep't of Corr., 751 F.3d 983, 989–90 (9th Cir. 2014). At this time, the Court will not consider the case notes submitted as additional evidence by Defendants. The Court finds that this evidence could reasonably have been provided earlier in the litigation and is thus inappropriate for the Court to consider at the motion for reconsideration stage. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). The Court denies relief from judgment.

In Plaintiff's Rule 60(b) motion, Plaintiff argues that the Court should reconsider its dismissal of his Sixth Amendment claim against all Defendants in their personal capacities. The Court finds no error in its determination that no clearly established law holds that the level of law library access described by Plaintiff is constitutionally inadequate. The Court finds that Plaintiff's arguments are repetitive and have already been considered by the Court. Furthermore, without commenting as to whether these cases even support Plaintiff's position, the Court reiterates that district court cases such as Canell v. Bradshaw, 840 F. Supp. 1382 (D. Or. 1993) and Koerschner

v. Warden, 508 F. Supp. 2d 849 (D. Nev. 2007) do not constitute clearly established law for § 1983 purposes.  See Carrillo v. Cty. of Los Angeles, 798 F.3d 1210, 1221 (9th Cir. 2015).

Therefore,

**IT IS ORDERED** that Defendants' Rule 60(b) Motion for Relief from Order Dated February 15, 2019 (ECF No. 73) and Plaintiff's Motion for Reconsideration of Order Partially Granting Summary Judgment (ECF No. 74) are both DENIED.  The Court notes that it no longer requires a response from Plaintiff and vacates the May 31, 2019 deadline.

DATED: May 6, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**